# EXHIBIT A

| Respond to Selected Documents

Sort Date Entries: Descending Ascending

Display Options: All Entries ⌄

**10/14/2025**

Entry of Appearance Filed
Entry of Appearance; Electronic Filing Certificate of Service.
    Filed By: STEPHEN ROBERT MILLER
      On Behalf Of: BURNS & MCDONNEL ENGINEERING COMPANY, INC, BURNS & MCDONNEL WASTE CONSULTANTS, INC

Entry of Appearance Filed
Entry of Appearance; Electronic Filing Certificate of Service.
    Filed By: JACOB MATTHEW DOLESHAL
      On Behalf Of: BURNS & MCDONNEL ENGINEERING COMPANY, INC, BURNS & MCDONNEL WASTE CONSULTANTS, INC

**10/07/2025**

Summons Issued-Circuit
Document ID: 25-SMCC-844, for BURNS & MCDONNEL WASTE CONSULTANTS, INC Summons Issued to Attorney for Service Upon Defendant

**10/06/2025**

Summons Issued-Circuit
Document ID: 25-SMCC-831, for BURNS & MCDONNEL WASTE CONSULTANTS, INC Summons Issued to Attorney for Service Upon Defendant

Summons Issued-Circuit
Document ID: 25-SMCC-830, for BURNS & MCDONNEL ENGINEERING COMPANY, INC Summons Issued to Attorney for Service Upon Defendant

Summons Issued-Circuit
Document ID: 25-SMCC-829, for FAG BEARINGS Summons Issued to Attorney for Service Upon Defendant

Summons Issued-Circuit
Document ID: 25-SMCC-828, for SCHAEFFLER GROUP USA INC. Summons Issued to Attorney for Service Upon Defendant

Summons Issued-Circuit
Document ID: 25-SMCC-824, for SCHAEFFLER GROUP USA INC. Summons Issued to Attorney for Service Upon Defendant

Order - Special Process Server

**10/01/2025**

Entry of Appearance Filed
Entry of Appearance for Kenneth B. McClain; Electronic Filing Certificate of Service.
    Filed By: KENNETH BLAIR MCCLAIN II
      On Behalf Of: LOYE ISAKSON, DEBORAH ISAKSON, AUSTIN WOODARD, ALEX WOODARD, HANNAH WOODARD, BRENDA JEANNE POWELL, JOHN POWELL, MEGAN WOODARD

Entry of Appearance Filed
Entry of Appearance for Nichelle L. Oxley; Electronic Filing Certificate of Service.
    Filed By: NICHELLE OXLEY
      On Behalf Of: LOYE ISAKSON, DEBORAH ISAKSON, AUSTIN WOODARD, ALEX WOODARD, HANNAH WOODARD, BRENDA JEANNE POWELL, JOHN POWELL, MEGAN WOODARD

Entry of Appearance Filed
Entry of Appearance for Lauren E. McClain; Electronic Filing Certificate of Service.
    Filed By: LAUREN ELISE MCCLAIN
      On Behalf Of: LOYE ISAKSON, DEBORAH ISAKSON, AUSTIN WOODARD, ALEX WOODARD, HANNAH WOODARD, BRENDA JEANNE POWELL, JOHN POWELL, MEGAN WOODARD

Motion Special Process Server
Plaintiffs Motion and Order for Private Process Server.
    Filed By: ANDREW KELLEY SMITH
      On Behalf Of: LOYE ISAKSON, DEBORAH ISAKSON, AUSTIN WOODARD, ALEX WOODARD, HANNAH WOODARD, BRENDA JEANNE POWELL, JOHN POWELL, MEGAN WOODARD

**09/30/2025**

Filing Info Sheet eFiling

    Filed By: ANDREW KELLEY SMITH

Petition; Confidential Filing Sheet.
   **Filed By:** ANDREW KELLEY SMITH
   **On Behalf Of:** LOYE ISAKSON, DEBORAH ISAKSON, AUSTIN WOODARD, ALEX WOODARD, HANNAH WOODARD, BRENDA JEANNE POWELL, JOHN POWELL, MEGAN WOODARD

Electronically Filed - Jasper County - Joplin - September 30, 2025 - 05:02 PM

## IN THE CIRCUIT COURT OF JASPER COUNTY, MISSOURI

LOYE and DEBORAH ISAKSON )
615 N. Watters Rd., Apt. 1205 )
Allen, Texas 75013 )
)
AUSTIN and MEGAN WOODARD ) **Case No.:**
204 Silverwood Lane )
Joplin, MO 64801 )
) **JURY TRIAL DEMANDED**
ALEX and HANNAH WOODARD )
4833 W Indigo Dr )
Fayetteville, AR 72704 )
)
BRENDA and JOHN POWELL )
5690 Longview Ridge Road )
Joplin, MO 64804 )
)
       **Plaintiffs,** )
)
    **v.** )
)
SCHAEFFLER GROUP USA INC., d/b/a )
FAG Bearings LLC, FAG Bearings )
Corporation, FAG Bearing Corporation, )
FAG Holding Corporation, and/or Norma )
FAG Bearings Corporation. )
)
    **Serve:** )
    **Registered Agent** )
    C T CORPORATION SYSTEM )
    5661 Telegraph Rd Ste 4B )
    Saint Louis, MO 63129-4275 )
)
    **Secretary of State** )
    600 W. Main Street )
    Jefferson City, Missouri 65102 )
)
FAG BEARINGS, LLC )
    **Serve:** )
    **Registered Agent** )
    C T CORPORATION SYSTEM )
    5661 Telegraph Rd Ste 4B )

Saint Louis, MO 63129-4275    )
 )
 )
BURNS & MCDONNELL    )
ENGINEERING COMPANY, INC.    )
    **Serve:**    )
    **Registered Agent**    )
    INCORP SERVICES, INC.    )
    1531 E Bradford Pkwy Ste 200    )
    Springfield, MO 65804-6564    )
 )
BURNS & MCDONNELL WASTE    )
CONSULTANTS, INC.    )
    **Serve:**    )
    **Registered Agent**    )
    INCORP SERVICES, INC.    )
    1531 E Bradford Pkwy Ste 200    )
    Springfield, MO 65804-6564    )
 )
And    )
 )
**C T CORPORATION SYSTEM**    )
120 SOUTH CENTRAL    )
AVENUE    )
CLAYTON, MO 63105    )
 )
 )
**Defendants.**    )

## PETITION

COME NOW Plaintiffs and for their claims and causes of action against the Defendants, upon information and belief, state:

## PLAINTIFFS

1.    Plaintiff Loye Isakson is a former resident and citizen of the State of Missouri. He brings claims against all Defendants for personal injuries.

2

2.     Plaintiff Deborah Isakson is a former resident and citizen of the State of Missouri. She is the Spouse of Plaintiff Loye Isakson and brings claims against all Defendants for loss of consortium damages.

3.     Plaintiff Austin Woodard is a resident and citizen of the State of Missouri. He brings claims against all Defendants for personal injuries.

4.     Plaintiff Megan Woodard is a resident and citizen of the State of Missouri. She is the Spouse of Plaintiff Austin Woodard and brings claims against all Defendants for loss of consortium damages.

5.     Plaintiff Alex Woodard is a former resident and citizen of the State of Missouri. He brings claims against all Defendants for personal injuries.

6.     Plaintiff Hannah Woodard is the Spouse of Plaintiff Alex Woodard and brings claims against all Defendants for loss of consortium damages.

7.     Plaintiff Brenda Powell is a resident and citizen of the State of Missouri. She brings claims against all Defendants for personal injuries.

8.     Plaintiff John Powell is a resident and citizen of the State of Missouri. He is the Spouse of Plaintiff Brenda Powell and brings claims against all Defendants for loss of consortium damages.

## FAG DEFENDANTS

9.     Schaeffler Group USA Inc. ("Schaeffler") is a Delaware Corporation with its principal place of business in Ft. Mill South Carolina. It can be served through its registered agent at the addresses listed in the caption above.

3

Electronically Filed - Jasper County - Joplin - September 30, 2025 - 05:02 PM

10.     Schaeffler owns the brand FAG and conducts business under the name FAG Bearings in Joplin, Newton County, Missouri, and took on, purchased or otherwise assumed all assets, properties and liabilities of FAG Bearings LLC, FAG Bearings Corporation, FAG Bearing Corporation, FAG Holding Corporation, and/or Norma FAG Bearings Corporation.

11.     FAG Bearings LLC is Delaware Corporation with its principal place of business in Ft. Mill South Carolina. It can be served through its registered agent at the address listed in the caption above.

12.     FAG Bearings, LLC, is the same entity as FAG Bearings Corporation. FAG Bearings, LLC and FAG Bearings Corporation are referred to collectively as "FAG Bearings."

13.     Schaeffler is the legal successor to FAG Bearings and is the mere continuation of FAG Bearings under Missouri law, as multiple Courts have previously found.

14.     Schaeffler has previously represented in judicial filings that:

    a.  "FAG Bearings Corporation . . . by change of name and/or merger were absorbed into Schaeffler."

    b.  "FAG Bearings Corp. does not exist as a separate legal entity apart from Schaeffler."

    c.  "FAG Bearings' is an assumed name or "d/b/a" under which Schaeffler sometimes conducts business."

    d.  "[FAG Bearings] has no distinct corporate existence."

15.     In 2001, Schaeffler merged with FAG Bearing and assumed all of its liabilities. FAG Bearings was absorbed into Schaeffer by this merger.

4

16.     Three of FAG Bearings' five directors on its Board of Directors were also officers or directors of Schaeffler.

17.     Following the merger, all the FAG Bearings Corp. employees became Schaeffler employees.

18.     Schaeffler has taken responsibility since 2002 to clean up the Joplin site and began working with the MDNR on the Site in 2002.

19.     Schaeffler's director of Environmental Health and Safety first became responsible for the Joplin plant between 2002 and 2003.

20.     In 2004, a stock exchange occurred and Schaeffler Group USA received all of the shares of FAG Holding Corporation, which owned FAG Bearings Corporation, which in turn operated the Joplin facility.

21.     The December 2004 Contribution Agreement, whereby Schaeffler obtained full ownership of FAG Holding and it subsidiary FAG Bearings Corporation, did not exclude any liabilities from the transfer.

22.     In January 2005, Schaeffler Group USA Inc. purchased all of the assets of FAG Bearings Corporation in exchange for a promissory note for $7,706,000 which was due on January 1, 2015, but which to date still has not been paid.

23.     As part of the Asset Purchase Agreement, Schaeffler hired all of the employees of FAG Bearings.

24.     At the time of the Asset Purchase Agreement, the sole shareholder of FAG Bearings Corporation—the seller in the Asset Purchase Agreement—was FAG Holding Corporation which was in turn owned by Schaeffler Group USA Inc.

5

25.     Accordingly, on the date of the Asset Purchase, the sole owner of the seller, FAG Holding Corporation, was Schaeffler Group USA, the sole buyer in the Agreement. In other words, the sole shareholder of the seller, which approved the transaction, was in fact the buyer.

26.     The day after the Asset Purchase Agreement, Schaeffler converted FAG Bearings Corporation into FAG Bearings LLC.

27.     When FAG Bearings LLC was created, Schaeffler Group USA was its sole member.

28.     FAG Bearings LLC currently does not have any employees. Instead, all of its employees became Schaeffler Group USA employees by way of the January 2005 Asset Purchase Agreement.

29.     The plant leader or plant manager did not change when ownership of the plan transferred from FAG Bearings to Schaeffler Group USA.

30.     Schaeffler Group USA operates the business at the Joplin facility and has since 2005.

31.     Schaeffler publicly advertises and markets the Joplin facility as though it has always owned it. In its Environmental, Health and Safety Statement it states "The Schaeffler facility in Joplin has been operating in southwest Missouri since 1970."

32.     Schaeffler is liable for any liabilities that FAG Bearings may have in this case.

6

33.     FAG Bearings is an alter ego and mere instrumentality of Schaeffler, in that Schaeffler has complete control over the finances and policy and business practices of FAG Bearings and as a result veil piercing is appropriate in this action.

34.     Schaeffler, owns all the stock of FAG Bearings, in that these entities share common directors and/or officers, Schaeffler finances FAG Bearings, FAG Bearings is undercapitalized, Schaeffler pays salaries or other expenses or losses of FAG Bearings, FAG Bearings assets were conveyed to it by Schaeffler, FAG Bearings is described and/or treated as a department or division of Schaeffler, FAG Bearings does not act independently but takes orders from Schaeffler, in the interest of Schaeffler, and the entities do not follow corporate formalities.

35.     For purposes of this Petition, unless otherwise specifically indicated, "FAG" represents Schaeffler Group USA Inc., FAG Bearings, LLC, FAG Bearings Corporation, FAG Bearing Corporation, FAG Holding Corporation, and Norma FAG Bearings Corporation.

36.     At all times relevant herein, FAG owned and operated a manufacturing facility located at 3900 Range Line Road, Joplin, Newton County, Missouri 64804.

## BURNS & McDONNELL DEFENDANTS

37.     Burns & McDonnell Engineering Company, Inc. is a Missouri corporation with its principal place of business in Kansas City, Missouri. It can be served at its registered agent above.

38.     Burns & McDonnell Waste Consultants, Inc. ("WCI") was a subsidiary of Burns & McDonnell Engineering, Company, Inc. until 1999. In 1999, WCI merged with

7

Electronically Filed - Jasper County - Joplin - September 30, 2025 - 05:02 PM

Burns & McDonnell Engineering Company, Inc. Burns & McDonnell Engineering Company, Inc. is the surviving corporation and is the successor to all WCI's liabilities and assets. WCI does not exist as a separate entity.[1]

39.     Burns & McDonnell Engineering Company, Inc. and Burns and McDonnell Waste Consultants, Inc. are referred to collectively as "Burns & McDonnell."

40.     At all relevant times, Burns & McDonnell performed various environmental consulting responsibilities related to FAG's contamination.

### AGENCY

41.     At all relevant times, Defendants were acting by and through their actual and/or ostensible employees and agents. Whenever reference in this Petition is made to any act or transaction by Defendants such allegation shall be deemed to mean that the principals, officers, directors, employees, agents and/or representatives of such Defendants committed, knew of, performed, authorized, ratified and/or directed such act or transaction on behalf of such Defendants while actively engaged in the scope of their duties.

### JURISDICTION AND VENUE

42.     This Court has subject matter jurisdiction pursuant to R.S.Mo § 506.500 because the tortious acts upon which Plaintiffs' claims are based occurred within the State of Missouri.

43.     Venue is proper in this Court pursuant to R.S.Mo § 508.010 because Plaintiffs causes of action accrued in Newton County, Missouri.

---

[1] *See* Articles of Merger of Burns & McDonnell with and into Burns & McDonnell Engineering Company, Inc. (Dec. 23, 1999).

Electronically Filed - Jasper County - Joplin - September 30, 2025 - 05:02 PM

44.     Defendant Burns & McDonnell is a Missouri corporation and therefore is a citizen of the State of Missouri. Because Plaintiffs are citizens of the State of Missouri and Defendant Burns & McDonnell is also a citizen of the State of Missouri, complete diversity does not exist in this matter, and this case cannot be properly removed to federal court.

## JOINDER OF CLAIMS

45.     Joinder of Plaintiffs' claims is permissible pursuant to Missouri Supreme Court Rule 52.05(a) in that the claims alleged herein arise out of the same series of occurrences and involve common questions of law and fact.

## TOLLING

46.     Defendants' fraudulent concealment and/or improper acts as alleged herein prevented Plaintiffs from ascertaining their latent injuries. Therefore, any applicable statute of limitations has been tolled.

47.     Plaintiffs did not sustain substantial injury, or the fact of injury was not capable of ascertainment until well after their exposure. Therefore, any applicable statute of limitations has been tolled.

## ALLEGATIONS COMMON TO ALL COUNTS

48.     As part of its manufacturing operation, FAG regularly purchased, utilized and disposed of solvents and degreasers containing volatile organic chemicals ("VOCs"), many of which are toxic and probable human carcinogens. One such VOC that is particularly relevant to this case is a chemical degreaser called Trichloroethylene (TCE).

49.     TCE is a man-made volatile organic compound used as a solvent, often for removing grease from metal parts.

9

50.     FAG used TCE in its manufacturing process as a solvent for removing grease from metal parts until 1983.

51.     TCE is carcinogenic to humans by all routes of exposure and poses a human health hazard for noncancer toxicity to the central nervous/neurologic system, kidney, liver, immune system, male reproductive system, and the developing embryo/fetus.

52.     FAG has been collaterally estopped from disputing and has stipulated to the following facts:

a.  From approximately 1973 to 1982, FAG Bearings Corporation produced ball bearings using TCE as a commercial degreaser and parts cleaner.

b.  In 1991, the Missouri Department of Health (MDOH) discovered the TCE contamination in certain residential wells in the village of Silver Creek.

c.  FAG released TCE into the environment in a number of different ways.

d.  FAG released approximately 12,000 to 25,000 gallons of trichloroethylene through waste, spills, leaks, overflowing tanks, incidental use of trichloroethylene, and dumping of "still bottoms" into the ground at the FAG facility.

e.  During investigations at FAG's facility from 1991 to 1996, trichloroethylene or trichloroethylene-related chemicals were detected in at least 36 different locations across the FAG Bearings' facility.

f.  FAG's employees occasionally dumped or pumped trichloroethylene directly into the ground. The highest levels of trichloroethylene contamination were found at or near these locations.

g.  The "trail," or plume, of contamination runs directly from these locations to residential wells located south of FAG's property.

h.  FAG could not account for approximately 30,000 gallons of trichloroethylene it purchased.

i.  FAG's vapor recovery system frequently and repeatedly malfunctioned, releasing large amounts of trichloroethylene into the air over a long period of time.

10

j. FAG's own experts and employees have opined that these vapors then condensed and returned to the soil on FAG's property.

k. The releases of TCE on Defendant FAG's property were predictable and foreseeable.

l. FAG knew that the vapor recovery system malfunctioned and allowed TCE to escape regularly and repeatedly.

m. FAG totally refused to cooperate in investigation and remediation of the TCE contamination.

53. FAG negligently, and/or intentionally, poured, pumped, spilled or otherwise introduced TCE into the real property and allowed TCE to contaminate the surrounding communities.

54. FAG's acts and omissions caused the TCE contamination throughout the surrounding communities. Examples of these acts and omissions include, but are not limited to, the following:

a. FAG used large quantities of TCE from 1972 to 1982 with at least 30,000 gallons of TCE purchased from 1977 to 1982. In addition, TCE escaped from the operations of FAG, and leaked into the ground and water of FAG's property and the adjoining landowner's property, including Plaintiffs.

b. From 1975 to 1981, three to four barrels of VOCs were added each month to a cleaning system used by Defendant FAG to clean ball bearings during the manufacturing process.

c. Each month, approximately three barrels of VOC sludge were poured out on the ground in a wooded area near a service building on Defendant FAG's property containing TCE.

d. VOC sludge from the cleaning system was also disposed of by pumping the sludge through a sewer line into a sewage lagoon on Defendant FAG's property.

e. A spill of between 10,000 and 11,000 gallons of VOCs occurred at Defendant FAG's plant between 1979 and 1983.

11

f. Defendant FAG stored an estimated 2,500 gallons of VOCs and TCE in bulging and leaking 55-gallon drums on its property between 1981 and 1983.

g. Five hundred and forty-nine (549) barrels or 30,195 gallons of TCE purchased by Defendant FAG between 1977 and 1982 cannot be accounted for by Defendant FAG's corporate officers.

h. From 1976 to 1980, liquids containing TCE were discharged onto the ground surface on FAG property.

i. During this period that FAG used TCE, FAG negligently released TCE vapors into the air.

j. Although FAG intended the TCE to be contained within a closed loop degreasing system, the system lost TCE into drains that negligently discharged into a ditch on the grounds of FAG property, which then migrated, to the south into adjoining property.

k. Pump malfunctions in the degreasing and manufacturing system negligently released TCE by leakage onto the ground.

l. FAG employees negligently used TCE for general cleaning use throughout the FAG plant none of which was retained or recycled.

m. Negligent releases of TCE occurred in over 13 locations on FAG property through negligent operation of the degreasing system.

n. As late as April 1997, TCE and its degradation products remained on FAG property from the surface down to bedrock in toxic and dangerous quantities.

55.    FAG's affirmative actions and concealment caused, contributed to cause, and or/further aggravated Plaintiffs' injuries.

56.    In the early 1990's, FAG hired Burns & McDonnell to act as an environmental consultant and expert in litigation related to its TCE contamination.

57.    By the time FAG hired Burns & McDonnell, both parties knew or should have known that FAG was responsible for the TCE contamination. In fact, sampling at FAG's property from 1991 through 1995 revealed significant levels of TCE and TCE degradation chemicals on FAG's property and FAG had acknowledged in prior litigation

12

that releases of TCE had occurred on its property. Despite this, FAG & Burns & McDonnell, jointly and individually, publicly denied that FAG was responsible for the TCE contamination and/or disputed the extent and nature of the TCE contamination.

58.     By the time FAG hired Burns & McDonnell, both FAG & Burns & McDonnell knew or should have known that FAG's TCE contamination had migrated to the villages of Silver Creek and Saginaw ("the Villages"). Despite this, FAG & Burns & McDonnell claimed that FAG's contamination had not migrated to the Villages.

59.     Burns & McDonnell designed and conducted its field work to shield the true extent of FAG's contamination in that it:

a.  focused on other commercial industrial locations located north of FAG;

b.  deliberately avoided sampling locations of known releases on FAG's property;

c.  failed to test for contamination at shallow depths on FAG's property;

d.  ignored or selectively used information regarding FAG's TCE use and release of TCE such as how much TCE was utilized at the FAG facility, the testimony of FAG employees regarding dumping activities, and various findings of FAG's prior consultants, the EPA, and the MDNR; and

e.  concealed and/or misrepresented test results.

60.     In addition, Burns & McDonnell's field work affirmatively contributed to, and worsened the spread of the TCE contamination throughout the Villages in that it:

a.  Improperly installed a monitoring well, which allowed a large volume of groundwater to enter a borehole and cascade into the bottom of the well contaminating the deep aquifer; and

b.  Failed to obtain discharge permits from the city of Joplin or the MDNR during FAG's pump test and knowingly dumped contaminated water into the ground and into a pond which discharges to an overflow creek at FAG.

13

61.     Based on this conduct, the court in *FAG Bearings Corp. v. Gulf States Paper Co., et al.,* 1998 WL 919115, (W.D.Mo. Sept. 30, 1998) found that Burns & McDonnell "failed to meet the standards of care commonly employed by environmental consultants when [they] conducted [their] field work investigations" and its work was not consistent with the usual standard practice of environmental testing techniques.

62.     In addition, the *Gulf States* court found that FAG paid Burns & McDonnell "approximately $5 million to conspire with FAG's attorneys to create theories against defendants and others so that FAG would not have to assume responsibility for its historical TCE practices." *Id.* at 34.

63.     As a result of FAG and Burns & McDonnell's conduct, the TCE contamination was worsened, the extent of the TCE contamination within the Villages was not fully defined, the public, including Plaintiffs, were not adequately warned, and appropriate remediation efforts were not undertaken.

64.     Defendant Burns & McDonnell's affirmative actions and concealment caused, contributed to cause, and or/further aggravated Plaintiffs' injuries.

65.     Each Defendant knew or should have known that their conduct created an unreasonable risk of harm to the surrounding community, yet failed to take reasonable precautions to prevent or mitigate the spread of TCE.

66.     As a direct and proximate result of Defendants' acts and omissions, Plaintiffs have suffered personal injuries, disease, increased risk of disease, and other damages.

14

**A. Plaintiffs were exposed to TCE at the Newton County Wells Site**

67.     In 1999, the Agency for Toxic Substances & Disease Registry ("ATSDR") conducted a Public Health Assessment for the "Newton County Wells Site."

68.     The ATSDR concluded that living within the Newton County Well Site was a Public Health Hazard.

69.     The ATSDR report confirmed that there are five completed TCE exposure pathways present at the Newton County Well Site: "The point of exposure is at residences that have contaminated wells or at locations where contaminated surface water is found (springs). The routes of exposure include ingestion, inhalation, and skin contact. The exposed populations are people using contaminated well water and anyone who comes in contact with contaminated surface water. The time frame for the completed exposure pathway is past, present and future." *See* ATSDR 1999 Public Health Assessment.

70.     The 1999 ATSDR report estimates 40 tons of TCE were lost yearly at FAG's plant and TCE exposure to the community was ongoing for 21 years before discovery.

71.     In 2000, the United States Environmental Protection Agency (EPA) placed the Newton County Wells Site on the National Priority List of hazardous waste sites.

72.     In 2004, the EPA published a Record of Decision (ROD) regarding the selected remedy for the Newton County Wells Site.

73.     The EPA determined that residents of Silver Creek and Saginaw were being exposed to TCE through ingestion of contaminated water, inhalation and dermal contact with contaminated water.

15

74.     The EPA provided examples of exposure scenarios including drinking contaminated well water, washing, bathing, laundry, watering outdoor plants, swimming, and wading in creeks and ponds.

75.     The 2004 EPA Record of Decision calculated a hazard index, which quantifies the health risks, posed by the TCE contamination. A hazard index of more than one means that human health risks may exits.

76.     The EPA determined that the hazard index for future residential exposure to groundwater is 10.71 to 40.83.

77.     The EPA conducted risk calculations and concluded that exposure to contaminated groundwater at the Newton County Well Site presents carcinogenic and non-carcinogenic risks to future residential users of groundwater as a potable water supply.

78.     In 2014, the Missouri Department of Natural Resources (MDNR) prepared a Five-Year Review Report for the Newton County Wells Site.

79.     The MDNR noted several factors that changed since the 2004 EPA Baseline Risk Assessment including changes in the EPA's method in assessing vapor intrusion. Vapor intrusion is also a completed pathway of exposure at the Site.

## EXPOSURE, INJURIES AND DAMAGES

### A. Plaintiffs Loye and Deborah Isakson

80.     From approximately 1993 to 1998, Plaintiff Loye Isakson resided at 3206 Moorehead Drive, Joplin, Newton County, Missouri 64804.

81.     From approximately 1993 to 1998, Loye Isakson was exposed to TCE in his home, the homes of friends and family, and throughout his daily life in the Newton County

16

Well Site through all pathways of exposure (inhalation, dermal, ingestion and vapor intrusion).

82.     As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff Loye Isakson has sustained personal injuries including, but not limited to, severe, permanent, and/or progressive bodily injury including but not limited to Parkinson's Disease. Because of his exposure to TCE and VOCs, Plaintiff is at an increased risk of developing cancer which will require frequent medical monitoring for the rest of his life.

83.     As a direct and proximate result of Defendants' actions and omissions, Plaintiff Loye Isakson developed severe, permanent, and progressive damage to his health. Plaintiff has suffered, and will continue to suffer physical pain, mental and emotional distress, loss of sleep and natural rest, increased risk of cancer, and/or fear of contractive cancer or other adverse health consequences as a result of his exposure to TCE and VOCs.

84.     As a direct and proximate result of Defendants actions and omissions, Plaintiff Loye Isakson has suffered and will suffer lost wages, and/or earning capacity, and has expended and will expend money for the medical treatment, medication, medical monitoring and/or medical devices.

85.     Plaintiff Deborah Isakson is the wife of Loye Isakson. She claims damages from the Defendants on the theory of Loss of Consortium, as to fairly compensate her for the reasonable value of any loss of the services, aid, assistance, society, companionship, and marriage relationship of her husband proximately caused by the fault of Defendants.

17

**B. Plaintiff Austin and Megan Woodard**

86.     Plaintiff Austin Woodard was raised and still resides in Newton County, Missouri. He is the brother of Plaintiff Alex Woodard.

87.     From the 1980's to the present, Plaintiff Austin Woodard was exposed to TCE in his home, the homes of his friends and family, and throughout his daily life in the Newton County Well Site through all pathways of exposure (inhalation, dermal, ingestion and vapor intrusion). In addition, Plaintiff was exposed *in utero.*

88.     As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff Austin Woodard has sustained personal injuries including, but not limited to, severe, permanent, and/or progressive damage to the immune system including developing Lupus. Additionally, because of his exposure to TCE and VOCs, Plaintiff is at an increased risk of developing cancer which will require frequent medical monitoring for the rest of his life.

89.     As a direct and proximate result of the Defendants actions and omissions, Plaintiff Austin Woodard has developed severe, permanent, and progressive damage to his health. Plaintiff has suffered, and will continue to suffer physical pain, mental and emotional distress, loss of sleep and natural rest, increased risk of cancer, and/or fear of contracting cancer or other adverse health consequences as a result of the exposure to TCE and VOCs.

90.     As a direct and proximate result of Defendants actions and omissions, Plaintiff Austin Woodard has suffered and will suffer lost wages, and/or earning capacity,

18

and have expended and will expend money for medical treatment, medication, medical monitoring and/or medical devices.

91.    Plaintiff Megan Woodard is the wife of Austin Woodard. She claims damages from the Defendants on the theory of Loss of Consortium, as to fairly compensate her for the reasonable value of any loss of the services, aid, assistance, society, companionship, and marriage relationship of her husband proximately caused by the fault of Defendants.

## C. Plaintiff Alex and Hannah Woodard

92.    Plaintiff Alex Woodard was raised and formerly resided in Newton County, Missouri. He is the brother of Plaintiff Austin Woodard.

93.    From the 1990's to the present, Plaintiff Alex Woodard was exposed to TCE in his home, the homes of his friends and family, and throughout his daily life in the Newton County Well Site through all pathways of exposure (inhalation, dermal, ingestion and vapor intrusion). In addition, Plaintiff was exposed *in utero.*

94.    As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff Alex Woodard has sustained personal injuries including, but not limited to, severe, permanent, and/or progressive damage to his liver, immune system, and skin. Additionally, because of his exposure to TCE and VOCs, Plaintiff is at an increased risk of developing cancer which will require frequent medical monitoring for the rest of his life.

95.    As a direct and proximate result of the Defendants actions and omissions, Plaintiff Alex Woodard has developed severe, permanent, and progressive damage to his health. Plaintiff has suffered, and will continue to suffer physical pain, mental and

19

emotional distress, loss of sleep and natural rest, increased risk of cancer, and/or fear of contracting cancer or other adverse health consequences as a result of the exposure to TCE and VOCs.

96. As a direct and proximate result of Defendants actions and omissions, Plaintiff Alex Woodard has suffered and will suffer lost wages, and/or earning capacity, and have expended and will expend money for medical treatment, medication, medical monitoring and/or medical devices.

97. Plaintiff Hannah Woodard is the wife of Alex Woodard. She claims damages from the Defendants on the theory of Loss of Consortium, as to fairly compensate her for the reasonable value of any loss of the services, aid, assistance, society, companionship, and marriage relationship of her husband proximately caused by the fault of Defendants.

**D. Plaintiffs Brenda and John Powell**

98. From approximately 1993 to 2018, Plaintiff Brenda Powell resided at 4402 Malaura Drive.

99. From approximately 1993 to 2018, Brenda Powell was exposed to TCE in her home, the homes of her friends and family, and throughout her daily life in the Newton County Well Site through all pathways of exposure (inhalation, dermal, ingestion and vapor intrusion).

100. As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff Brenda Powell has sustained personal injuries including, but not limited to, severe, permanent, and/or progressive damage to the immune system including Chronic Lymphocytic Leukemia (CLL), Breast Cancer and a Meningioma Spine Tumor. Because

20

of her exposure to TCE and VOCs, Plaintiff is at an increased risk of developing further cancers which will require frequent medical monitoring for the rest of her life.

101. As a direct and proximate result of the Defendants actions and omissions, Plaintiff Brenda Powell developed severe, permanent, and progressive damage to her health. Plaintiff has suffered, and will continue to suffer physical pain, mental and emotional distress, loss of sleep and natural rest, increased risk of cancer, and/or fear of contracting cancer or other adverse health consequences as a result of her exposure to TCE and VOCs.

102. As a direct and proximate result of Defendants actions and omissions, Plaintiff Brenda Powell has suffered and will suffer lost wages, and/or earning capacity, and has expended and will expend money for medical treatment, medication, medical monitoring and/or medical devices.

103. Plaintiff John Powell is the husband of Brenda Powell. He claims damages from the Defendants on the theory of Loss of Consortium, as to fairly compensate him for the reasonable value of any loss of the services, aid, assistance, society, companionship, and marriage relationship of his wife proximately caused by the fault of Defendants.

<div style="text-align:center">

**COUNT 1**
**STRICT LIABILITY**
**(Plaintiffs v. All Defendants)**

</div>

104. Plaintiffs incorporate by reference the foregoing statements and allegations as though fully set forth herein.

105. Defendant FAG's operation of the plant entailed the use, storage, and disposal of large quantities of TCE and VOCs, which constituted an abnormally dangerous activity.

106. Defendant Burns and McDonnell's operations entailed the handling and disposal, of large quantities of TCE and VOCs and the installation of monitoring wells that resulted in the release of TCE and VOCs, which constituted an abnormally dangerous activity.

107. The use, storage, and disposal of large quantities of TCE and other VOCs, constituted an abnormally dangerous activity in that:

    a. The improper and negligent use, storage, and disposal of TCE and other VOCs presented a high degree of risk of harm to human health;

    b. Given the hazardous nature of TCE and other VOCs, there was an extremely high likelihood of injury to Plaintiffs' health due to the escape of these chemicals into the soil, groundwater, surface water, air and environment;

    c. Due to the inherently hazardous nature of TCE and other VOCs, Defendants were unable to eliminate the risks of harm through the exercise of reasonable care;

    d. The use, storage and disposal of TCE and other VOCs is not a matter of common usage;

    e. The dangers associated with the use, storage and disposal of TCE and other VOCs rendered such use, storage and disposal of little or no benefit to the local community. Any value that the use, storage, and disposal of TCE and other VOCs had to the community was far outweighed by the dangers to human health and the environment.

108. The use, storage, and disposal of TCE and other VOCs at FAG's plant was particularly inappropriate given:

22

a. The highly permeable characteristics and drainage pathways of the karst subsurface geology of this region, in which chemical waste can easily be transported off-site in the soil, groundwater, surface water, air and environment;

b. The presence of a shallow underlying aquifer, which provided a water supply for activities such as drinking, washing, bathing, laundry, heating and cooling, and watering outdoor plants to large number of local residents immediately adjacent to FAG's facility; and

c. The presence of residents that depended on this shallow aquifer as a drinking water source and as a source for activities such as, washing, bathing, laundry, heating and cooling, and watering plants.

109. Defendants knew or should have known of the kind of harm possible if TCE and other VOCs were released into the groundwater, surface water, soil, air, and environment.

110. Defendants caused the release of TCE and other VOCs into the groundwater, surface water, soil, air, and environment.

111. Defendants are strictly liable in tort for the resulting harm to Plaintiffs.

112. As a direct and proximate result of one or more of Defendants' acts or omissions, Plaintiffs were injured and suffered damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual damages sustained as a result of the injury to Plaintiffs, together with interest and costs of this action, and for such further relief as the Court deems just and proper.

## COUNT 2
## NEGLIGENCE
### (Plaintiffs v. FAG)

113. Plaintiffs incorporate by reference the foregoing statements and allegations as though fully set forth herein

23

114. Defendant FAG was negligent in one, more, or all of the following regards:

   a. Defendant FAG negligently handled, used, or disposed of VOCs and TCE at its plant;

   b. Defendant FAG negligently failed to warn Plaintiffs of the VOC and TCE contamination;

   c. Defendant FAG negligently designed and operated a ball bearing manufacturing plant, which used VOCs and TCE in the manufacturing process;

   d. Defendant FAG negligently stored VOCs and TCE inside 55-gallon drums without taking proper precautions to prevent spilling or leakage therefrom;

   e. Defendant FAG negligently disposed of VOCs and TCE into the ground and into sewage lagoons without taking proper precautions to prevent contamination of the surrounding soil, groundwater and surface water;

   f. Defendant FAG negligently permitted at least one spill of between 10,000 and 11,000 gallons of VOCs and TCE to occur at Defendant FAG's property between 1979 and 1983;

   g. Defendant FAG negligently failed to document and account for and contain 30,195 gallons of TCE and VOCs purchased by Defendant FAG between 1977 and 1982;

   h. Defendant FAG negligently failed to report to the appropriate federal and state authorities various spills, leakages and disposals of VOCs;

   i. Defendant FAG negligently failed to prevent hazardous waste from migrating off its property and into the groundwater, soil or environment;

   j. Defendant FAG negligently failed to implement a groundwater monitoring system;

   k. Defendant FAG negligently ignored warnings that the groundwater monitoring system was insufficient;

   l. Defendant FAG negligently failed to properly follow up or investigate when its testing identified a plume of contaminants;

   m. Defendant FAG negligently and carelessly failed to disclose the true nature of the contamination;

24

n.  Defendant FAG negligently permitted TCE and other VOCs to migrate offsite;

o.  Defendant FAG negligently failed to monitor the contamination;

p.  Defendant FAG negligently failed to remediate the contamination;

q.  Defendant FAG negligently oversaw and directed the cutting of underground piping on its property and failed to properly investigate or remediate the hazardous release that resulted therefrom; and

r.  Defendant FAG negligently committed other acts and omissions as of yet undiscovered.

115.  As a direct and proximate result of one or more of Defendant's acts or omissions, Plaintiffs were injured and suffered damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual damages sustained as a result of the injury to Plaintiffs, together with interest and costs of this action, and for such further relief as the Court deems just and proper.

## COUNT 3
## NEGLIGENCE *PER SE*
### (Plaintiffs v. FAG)

116.  Plaintiffs incorporate by reference the foregoing statements and allegations as though fully set forth herein.

117.  Defendant FAG owed Plaintiffs a duty to exercise reasonable care to prevent injury.

118.  Defendant FAG breached its duty when it allowed TCE to migrate into the Villages.

119.  The release of hazardous substances from Defendant FAG's plant has resulted in violations of both federal and state law regulating the disposal and storage of

hazardous wastes, including the Clean Water Act (33 U.S.C. Section 1251 et seq.); the Resource Conservation and Recovery Act (42 U.S.C Section 6901 et seq., including the Hazardous and Solid Waste Amendment of 1984); the comprehensive Environmental Response Compensation and Liability Act (42 U.S.C Section 9601 et seq.); and the Missouri Hazardous Waste Management Law (Mo. Rev. Stat. Section 260.350 et seq.).

120. The Citizen's Suit Provisions of the Clean Water Act (33 U.S.C. Section 1365); the Resource Conservation and Recovery Act (42 U.S.C. Section 6972); and the Comprehensive Environmental Response Compensation and Liability Act (42 U.S.C Section 9659) expressly create private rights of action that support this negligence *per se* cause of action. The Missouri Hazardous Waste Management Law expresses special concern to protect a person's property in close proximity to hazardous waste sites and also support this negligence *per se* cause of action. (Mo. Rev. Stat. Sections 260.375(9), (12), and (29); and Section 260.415.3).

121. Defendant FAG's negligent and intentional activities have resulted in Plaintiffs exposure to VOCs.

122. Plaintiffs as former occupiers of the land in proximity to a leaking hazardous waste site and as adversely affected citizens of Missouri and of the United States, are members of the group the above-listed statutes were designed to protect.

123. The harm suffered by Plaintiffs as a result of Defendant FAG's conduct is the kind of harm that the federal and state environmental statutes referred to above were designed to prevent.

Electronically Filed - Jasper County - Joplin - September 30, 2025 - 05:02 PM

124.    Defendant FAG's conduct was intentional in that they allowed the continuous, repeated discharge of VOCs from Defendant FAG's plant after they acquired actual knowledge that substantial quantities of VOCs had been spilled at the site, and that there was a great potential for VOCs to migrate off-site.

125.    Defendant FAG knew that harm to Plaintiffs' health and physical well-being was substantially certain to result from the spillage, improper storage, or dumping of VOCs, in that there was no system in place to prevent spilled, improperly stored, or dumped VOCs from migrating from Defendant FAG's property into the soil, groundwater and surface water of the Villages including Plaintiffs' property.

126.    As a direct and proximate result of one or more of Defendant's acts or omissions, Plaintiffs were injured and suffered damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual damages sustained as a result of the injury to Plaintiffs, together with interest and costs of this action, and for such further relief as the Court deems just and proper.

## COUNT 4
## NEGLIGENCE
### (Plaintiffs v. Burns & McDonnell)

127.    Plaintiffs incorporate by reference the foregoing statements and allegations as though fully set forth herein.

128.    Defendant Burns & McDonnell owed Plaintiffs a duty to exercise reasonable care to prevent foreseeable injury.

129.    Injury was foreseeable because, at the time Burns & McDonnell was retained, it knew or should have known of the dangers associated with VOC exposure and

27

Electronically Filed - Jasper County - Joplin - September 30, 2025 - 05:02 PM

knew or should have known of the risks posed to nearby residents given FAG's proximity to residential areas that relied on a shallow aquifer for their water supply.

130. Defendant Burns & McDonnell further assumed a duty to Plaintiffs by undertaking to perform environmental surveys and fieldwork and by engaging in acts that contributed to the continued VOC contamination and Plaintiffs' exposure thereto.

131. Defendant Burns & McDonnell further assumed a duty to Plaintiffs by undertaking to preform environmental surveys and fieldwork in an area known to contain VOCs, and by engaging in acts which contributed to further the VOC contamination and Plaintiffs' exposure thereto.

132. Defendant Burns & McDonnell as a member of a learned and skilled profession, has a duty to exercise due care and the ordinary, reasonable, technical skill and competence that is required of others in similar situations. This includes, but is not limited to, the duty to: (a) conduct adequate and properly designed environmental surveys; (b) provide sufficient warnings regarding hazards resulting from TCE contamination; (c) appropriately plan and execute all fieldwork to avoid exacerbating contamination or exposure; and (d) ensure that all sampling, analysis, and reporting were performed with scientific accuracy and reliability so that regulators, property owners, and affected residents could make informed decisions based on correct data.

133. Defendant Burns & McDonnell acting by and through its agents and employees failed to use due care under the circumstances and was thereby negligent in the performance of its duties in the following respects, among others:

      a.      failing to conduct adequate environmental surveys;

b.     focusing its investigation of the TCE contamination on other commercial industrial locations located north of FAG;

c.     failing to perform fieldwork or investigate the TCE contamination on FAG's property;

d.     failing to perform fieldwork or investigate shallow soil or groundwater contamination on FAG's property;

e.     failing to accurately characterize, concealing and/or misrepresenting the extent and nature of the TCE contamination;

f.     denying that the TCE contamination had migrated to the Villages;

g.     failing to monitor and properly evaluate potential TCE exposures;

h.     failing to assist in remediation efforts or otherwise stop TCE migration;

i.     contributing to the spread of the TCE contamination;

j.     failing to adequately warn of the TCE contamination;

k.     failing to follow all orders and directions from governmental entities including the US EPA and the Missouri DNR regarding site characterization and clean-up; and

l.     failing to inform appropriate government agencies of all onsite activity.

m.    failing to report to the appropriate federal and state authorities various spills, leakages and disposals of VOCs;

n.    failing to prevent hazardous waste from migrating off FAG's property and into the groundwater, soil or environment;

o.    failing to implement a groundwater monitoring system;

p.    ignoring warnings that the groundwater monitoring system was insufficient;

q.    failing to properly follow up or investigate when its testing identified a plume of contaminants;

r.    failing to disclose the true nature of the contamination;

s. permitting TCE and other VOCs to migrate offsite;

t. failing to monitor the contamination;

u. failing to remediate the contamination; and

v. other acts and omissions as of yet undiscovered.

134. As a direct and proximate result of one or more of Defendant's acts or omissions, Decedent and Plaintiffs were injured and suffered damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual damages sustained as a result of the injury to Plaintiffs, together with interest and costs of this action, and for such further relief as the Court deems just and proper.

## COUNT 5
## FRAUDULENT CONCEALMENT/MISREPRESENTATION
### (Plaintiffs v. All Defendants)

135. Plaintiffs incorporate by reference the foregoing statements and allegations as though fully set forth herein.

136. Defendants knew or should have known certain information as set forth above, regarding the extent and nature of the TCE contamination and/or the potential for adverse health effects from exposure to the TCE contamination.

137. Despite the fact that Defendants knew the extent and nature of the TCE contamination and/or that potential for adverse health effects from exposure to the TCE contamination existed, Defendants intentionally and maliciously chose to conceal these facts and/or misrepresented these facts to the government, the public and in court proceedings.

30

138. The information concealed and/or misrepresented by Defendants regarding the extent and nature of the TCE contamination and/or whether the TCE contamination presented health risks created a false sense of security and was material to Plaintiffs' conduct including but not limited to using well water and continued exposure to water within the community.

139. Defendants had a duty to disclose such information to Plaintiffs for reasons including:

    a. Defendants possessed knowledge regarding the extent and nature of the TCE contamination and its potential to cause adverse health effects that was superior to Plaintiffs' knowledge;

    b. Defendants had a relationship of trust and/or confidence with Plaintiffs;

    c. Defendants had a relationship based on past experience with Plaintiffs; and

    d. other attendant circumstances.

140. Plaintiffs reasonably and detrimentally relied on Defendants' fraudulent concealment/misrepresentation by not acting to protect themselves from the dangers associated with TCE exposure and were reasonably justified in not acting and could not have discovered and/or were prevented from discovering the truth because Defendants created a false sense of security with their concealment/misrepresentations.

141. Defendant FAG profited from its fraud in that by denying responsibility for the TCE contamination and by disputing the extent/nature of TCE contamination it avoided legal liability and responsibility for remediation.

31

142. Defendant Burns & McDonnell profited from its fraud in that FAG paid Burns & McDonnell over $5 million dollars to deny that FAG was responsible for the TCE contamination and to disputing the extent/nature of TCE contamination.

143. Defendants were aware of the extent and nature of the TCE contamination and the hazards of TCE exposure or deliberately kept ignorant of material facts concerning the extent and nature of the TCE contamination and the health hazards of TCE exposure.

144. As a direct and proximate result of Defendants' concealment/misrepresentation, Plaintiffs were injured and suffered damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual damages sustained as a result of the injury to Plaintiffs, together with interest and costs of this action, and for such further relief as the Court deems just and proper.

<div align="center">

**COUNT 6**
**CONSPIRACY**
**(Plaintiffs v. All Defendants)**

</div>

145. Plaintiffs incorporate by reference the foregoing statements and allegations as though fully set forth herein.

146. Defendant FAG and Defendant Burns & McDonnell entreated into an agreement to dispute that FAG was responsible for the TCE contamination, to dispute the extent and nature of the TCE contamination and/or to deny that TCE migrated into the Villages.

147. In furtherance of that agreement Defendants:

    a. did not perform fieldwork or investigate the TCE contamination on FAG's property;

<div align="center">

32

</div>

Electronically Filed - Jasper County - Joplin - September 30, 2025 - 05:02 PM

b. Focused on other commercial industrial locations located north of FAG;

c. Failed to investigate shallow soil or groundwater contamination at FAG;

d. Failed to investigate, accurately characterize, contain and/or remediate the TCE contamination;

e. Failed to inform and fraudulently concealed the extent and nature of the TCE contamination;

f. Failed to follow all orders and directions from the EPA and Missouri DNR regarding site characterization and clean-up; and

g. Failed to inform appropriate government agency of all onsite activity.

148. As a direct and proximate result of one or more of Defendants' acts or omissions, Plaintiffs were injured and suffered damages.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual damages sustained as a result of the injury to Plaintiffs, together with interest and costs of this action, and for such further relief as the Court deems just and proper.

<div align="center">

**COUNT 7**
**LOSS OF CONSORTIUM**
**(Plaintiff Deborah Isakson, John Powell, Hannah Woodard, and Megal Woodard v. All Defendants)**

</div>

149. Plaintiffs incorporate by reference the foregoing statements and allegations as though fully set forth herein.

150. As a direct and proximate result of the carelessness, negligence, and recklessness of Defendant and of the aforesaid injuries to their spouse, Plaintiffs have been damaged as follows:

a. They have been and will continue to be deprived of the services, support, maintenance, guidance, companionship and comfort of their spouse;

Electronically Filed - Jasper County - Joplin - September 30, 2025 - 05:02 PM

b. They have been and will continue to be required to spend money for medical care and household care for the treatment of their spouse; and

c. They have been and will continue to be deprived of the earnings of her spouse.

WHEREFORE, Plaintiffs pray for judgment against Defendants for actual damages sustained as a result of the injury to Plaintiffs, together with interest and costs of this action, and for such further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

151. Plaintiffs hereby request a trial by jury.

Respectfully submitted,

HUMPHREY, FARRINGTON, & McLain, P.C.

*/s/ Andrew K. Smith*

| | |
|---|---|
| KENNETH B. McCLAIN | #32430 |
| ANDREW K. SMITH | #60485 |
| LAUREN E. McCLAIN | #65016 |
| NICHELLE L. OXLEY | #65839 |

221 W. Lexington, Suite 400
Independence, Missouri 64050
(816) 836-5050
(816) 836-8966 FAX
kbm@hfmlegal.com
aks@hfmlegal.com
lem@hfmlegal.com
nlo@hfmlegal.com
**ATTORNEYS FOR PLAINTIFFS**

34

IN THE CIRCUIT COURT OF JASPER COUNTY, MISSOURI

LOYE and DEBORAH ISAKSON, et al.,        )
                                          )    Case No. 25AO-CC00396
          Plaintiff,                      )
                                          )
v.                                        )    JURY TRIAL DEMANDED
                                          )
SCHAEFFLER GROUP USA INC., et al.         )
                                          )
          Defendants.                     )

## ENTRY OF APPEARANCE

COMES NOW Lauren E. McClain of the law firm Humphrey, Farrington & McClain, and hereby submit his Entry of Appearance on behalf of Plaintiff in the above-captioned matter.

Respectfully submitted,

HUMPHREY, FARRINGTON, & McLain, P.C.

*/s/ Lauren E. McClain*

| KENNETH B. McCLAIN | #32430 |
| ANDREW K. SMITH | #60485 |
| LAUREN E. McCLAIN | #65016 |
| NICHELLE L. OXLEY | #65839 |

221 W. Lexington, Suite 400
Independence, Missouri 64050
(816) 836-5050
(816) 836-8966 FAX
kbm@hfmlegal.com
aks@hfmlegal.com
lem@hfmlegal.com
nlo@hfmlegal.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of October 2025, I electronically filed the foregoing with the Clerk of the Court using electronic filing system which sent notification to all counsel of record.

_/s/ Lauren E. McClain_
ATTORNEY FOR PLAINTIFF

2

Electronically Filed - JASPER COUNTY - JOPLIN - October 01, 2025 - 10:43 AM

**IN THE CIRCUIT COURT OF JASPER COUNTY, MISSOURI**

| | | |
|---|---|---|
| LOYE and DEBORAH ISAKSON, et al., | ) | |
| | ) | Case No. 25AO-CC00396 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| SCHAEFFLER GROUP USA INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY OF APPEARANCE**

COMES NOW Nichelle L. Oxley of the law firm Humphrey, Farrington & McClain, and hereby submit his Entry of Appearance on behalf of Plaintiff in the above-captioned matter.

Respectfully submitted,

HUMPHREY, FARRINGTON, & McLain, P.C.

*/s/ Nichelle L. Oxley*

| | |
|---|---|
| KENNETH B. McCLAIN | #32430 |
| ANDREW K. SMITH | #60485 |
| LAUREN E. McCLAIN | #65016 |
| NICHELLE L. OXLEY | #65839 |

221 W. Lexington, Suite 400
Independence, Missouri 64050
(816) 836-5050
(816) 836-8966 FAX
kbm@hfmlegal.com
aks@hfmlegal.com
lem@hfmlegal.com
nlo@hfmlegal.com
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of October 2025, I electronically filed the foregoing with the Clerk of the Court using electronic filing system which sent notification to all counsel of record.

/s/ Nickelle L. Oxley
ATTORNEY FOR PLAINTIFF

2

IN THE CIRCUIT COURT OF JASPER COUNTY, MISSOURI

LOYE and DEBORAH ISAKSON, et al.,  )
                              )      Case No. 25AO-CC00396
        Plaintiff,            )
                              )
v.                            )      **JURY TRIAL DEMANDED**
                              )
SCHAEFFLER GROUP USA INC., et al.  )
                              )
        Defendants.         )

## ENTRY OF APPEARANCE

COMES NOW Kenneth B. McClain of the law firm Humphrey, Farrington & McClain, and hereby submit his Entry of Appearance on behalf of Plaintiff in the above-captioned matter.

Respectfully submitted,

HUMPHREY, FARRINGTON, & McLain, P.C.

*/s/ Kenneth B. McClain*

| | |
|---|---|
| KENNETH B. McCLAIN | #32430 |
| ANDREW K. SMITH | #60485 |
| LAUREN E. McCLAIN | #65016 |
| NICHELLE L. OXLEY | #65839 |

221 W. Lexington, Suite 400
Independence, Missouri 64050
(816) 836-5050
(816) 836-8966 FAX
kbm@hfmlegal.com
aks@hfmlegal.com
lem@hfmlegal.com
nlo@hfmlegal.com
**ATTORNEYS FOR PLAINTIFFS**

Electronically Filed - JASPER COUNTY - JOPLIN - October 01, 2025 - 10:44 AM

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 1st day of October 2025, I electronically filed the foregoing with the Clerk of the Court using electronic filing system which sent notification to all counsel of record.

                               */s/ Kenneth B. McClain*
                               ATTORNEY FOR PLAINTIFF

# IN THE CIRCUIT COURT OF JASPER COUNTY, MISSOURI

LOYE and DEBORAH ISAKSON            )
                                    )
and                                 )
                                    )
AUSTIN and MEGAN WOODARD            )          **Case No.: 25AO-CC00396**
                                    )
and                                 )
                                    )
ALEX and HANNAH WOODARD             )          **JURY TRIAL DEMANDED**
                                    )
and                                 )
                                    )
BRENDA and JOHN POWELL              )
                                    )
        **Plaintiffs,**             )
                                    )
        **v.**                      )
                                    )
SCHAEFFLER GROUP USA INC.,          )
d/b/a                               )
FAG Bearings LLC, FAG Bearings      )
Corporation, FAG Bearing Corporation, )
FAG Holding Corporation, and/or Norma )
FAG Bearings Corporation.           )
                                    )
        **Serve:**                  )
        **Registered Agent**        )
        C T CORPORATION SYSTEM      )
        5661 Telegraph Rd Ste 4B    )
        Saint Louis, MO 63129-4275  )
                                    )
        **Secretary of State**      )
        600 W. Main Street          )
        Jefferson City, Missouri 65102 )
                                    )
FAG BEARINGS, LLC                   )
        **Serve:**                  )
        **Registered Agent**        )
        C T CORPORATION SYSTEM      )
        5661 Telegraph Rd Ste 4B    )
        Saint Louis, MO 63129-4275  )

| | |
|---|---|
| | ) |
| | ) |
| BURNS & MCDONNELL | ) |
| ENGINEERING COMPANY, INC. | ) |
| **Serve:** | ) |
| **Registered Agent** | ) |
| INCORP SERVICES, INC. | ) |
| 1531 E Bradford Pkwy Ste 200 | ) |
| Springfield, MO 65804-6564 | ) |
| | ) |
| BURNS & MCDONNELL WASTE | ) |
| CONSULTANTS, INC. | ) |
| **Serve:** | ) |
| **Registered Agent** | ) |
| INCORP SERVICES, INC. | ) |
| 1531 E Bradford Pkwy Ste 200 | ) |
| Springfield, MO 65804-6564 | ) |
| | ) |
| And | ) |
| | ) |
| **C T CORPORATION SYSTEM** | ) |
| 120 SOUTH CENTRAL | ) |
| AVENUE | ) |
| CLAYTON, MO 63105 | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff, by and through counsel, hereby moves for the appointment

of HPS Process Service & Investigations as private process servers in the above-captioned

matter:

| Tracy Arnold | Pamela Huffman | Cheryl Richey |
|---|---|---|
| Dianna Blea | Martin Hueckel | David Roberts |
| Richard Blea | Michael McMahon | Grant Selvey |
| Grace Hazell | Nancy Muchnick | Katie Shiflett |
| Michael Hibler | Jeffrey Nichols | Brian Smith |

2

| Trinity Hibler | Diana Nichols | Shelby Stauble |
| Jenna Holt | Aubrianna Nichols | Brad Votaw |
| Michael Huffman | Christopher Reed | Stephen Waters |
| Nick Zotti | | |

Respectfully submitted,

HUMPHREY, FARRINGTON, & McLain, P.C.

*/s/ Andrew K. Smith*

| KENNETH B. McCLAIN | #32430 |
| ANDREW K. SMITH | #60485 |
| LAUREN E. McCLAIN | #65016 |
| NICHELLE L. OXLEY | #65839 |

221 W. Lexington, Suite 400
Independence, Missouri 64050
(816) 836-5050
(816) 836-8966 FAX
kbm@hfmlegal.com
aks@hfmlegal.com
lem@hfmlegal.com
nlo@hfmlegal.com
**ATTORNEYS FOR PLAINTIFFS**

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of October 2025, I electronically filed the foregoing with the Clerk of the Court using electronic filing system which sent notification to all counsel of record.

<div align="right">

_/s/ Andrew K Smith_____
ATTORNEY FOR PLAINTIFF

</div>

4

Electronically Filed - JASPER COUNTY - JOPLIN - October 01, 2025 - 09:57 AM

## **ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER**

It is hereby ordered that Petitioner/Plaintiff's Motion for Appointment of Private Process Server is sustained and the above named individuals and company HPS Process Service & Investigations are hereby appointed to serve process in the above captioned matter.

DATE: _____          _____
                                                                  Judge or Circuit Clerk

5

25AO-CC00396

FILED
KIMBERLY CLINTON - CLERK

Oct 06 2025

JASPER COUNTY CIRCUIT
COURT

## ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

It is hereby ordered that Petitioner/Plaintiff's Motion for Appointment of Private Process Server is sustained and the above named individuals and company HPS Process Service & Investigations are hereby appointed to serve process in the above captioned matter.

DATE: _____October/06/2025_____

Kimberly Clinton, Circuit Clerk
By /s/ *Laurie Shellenbarger* D.C.
Judge or Circuit Clerk

5



# Summons in Civil Case

IN THE 29TH JUDICIAL CIRCUIT, JASPER COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH LEE HENSLEY | Case Number: 25AO-CC00396 |
|---|---|
| Plaintiff/Petitioner:<br>LOYE ISAKSON | Plaintiff's/Petitioner's Attorney/Address<br>ANDREW KELLEY SMITH<br>SUITE 400<br>221 W LEXINGTON<br>INDEPENDENCE, MO 64051 |
| vs. | |
| Defendant/Respondent:<br>SCHAEFFLER GROUP USA INC. | Court Address:<br>633 S PEARL AVE<br>JOPLIN, MO 64801 |
| Nature of Suit:<br>CC Pers Injury-Other | |

(Date File Stamp for Return)

The State of Missouri to: SCHAEFFLER GROUP USA INC.
Alias:

**CT CORPORATION SYSTEM**
**5661 TELEGRAPH RD SUITE 4B**
**SAINT LOUIS, MO 63129-4275**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*



*JASPER COUNTY*

KIMBERLY CLINTON, CIRCUIT CLERK

06-OCT-2025
Date

BY: *Kelly Harris, DC*
Clerk

**Further Information:**

SJRC (12-24) SM30 (SMCC) *For Court Use Only:* Document ID # 25-SMCC-824   1 of 2 (25AO-CC00396)   Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 3:25-cv-05090-MDH   Document 1-1   Filed 11/07/25   Page 50 of 67

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐  delivering a copy of the summons and petition to the defendant/respondent.

☐  leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years of

age residing therein.

☐  (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐  other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
Printed Name of Officer or Server                                    Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____  _____
                                             Date                          Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (12-24) SM30 (SMCC) *For Court Use Only:* **Document ID # 25-SMCC-824**   2 of 2 (25AO-CC00396)   Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13 & 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 3:25-cv-05090-MDH   Document 1-1   Filed 11/03/25   Page 51 of 67



# Summons in Civil Case

IN THE 29TH JUDICIAL CIRCUIT, JASPER COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH LEE HENSLEY | Case Number: 25AO-CC00396 | |
|---|---|---|
| Plaintiff/Petitioner:<br>LOYE ISAKSON | Plaintiff's/Petitioner's Attorney/Address<br>ANDREW KELLEY SMITH<br>SUITE 400<br>221 W LEXINGTON<br>INDEPENDENCE, MO 64051 | |
| vs. | | |
| Defendant/Respondent:<br>SCHAEFFLER GROUP USA INC. | Court Address:<br>633 S PEARL AVE<br>JOPLIN, MO 64801 | (Date File<br>Stamp for<br>Return) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

The State of Missouri to:  SCHAEFFLER GROUP USA INC.
Alias:

5661 TELEGRAPH RD            SERVE TO:  Secretary of State
SUITE 4B                                  600 W Main St
SAINT LOUIS, MO  63129                    Jefferson City,
                        MO 65102

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**JASPER COUNTY**

KIMBERLY CLINTON, CIRCUIT CLERK

BY: *Kelly Harris, DC*

_____06-OCT-2025_____          _____
              Date                              Clerk

Further Information:

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
Printed Name of Officer or Server              Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____   _____
                                    Date                        Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (12-24) SM30 (SMCC) *For Court Use Only:* Document ID # 25-SMCC-828   2 of 2 (25AO-CC00396)   Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 3:25-cv-05090-MDH    Document 1-1    Filed 11/07/25    Page 53 of 67



# Summons in Civil Case

IN THE 29TH JUDICIAL CIRCUIT, JASPER COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH LEE HENSLEY | Case Number: 25AO-CC00396 | |
|---|---|---|
| Plaintiff/Petitioner:<br>LOYE ISAKSON<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>ANDREW KELLEY SMITH<br>SUITE 400<br>221 W LEXINGTON<br>INDEPENDENCE, MO 64051 | |
| Defendant/Respondent:<br>SCHAEFFLER GROUP USA INC. | Court Address:<br>633 S PEARL AVE<br>JOPLIN, MO 64801 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

The State of Missouri to: FAG BEARINGS
Alias:

**CT CORPORATION**
**REGISTERED AGENT**
**5661 TELEGRAPH RD SUITE 4B**
**SAINT LOUIS, MO 63129**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*



*JASPER COUNTY*

KIMBERLY CLINTON, CIRCUIT CLERK

|  |  |
|---|---|
| 06-OCT-2025 | BY: *Kelly Harris, DC* |
| Date | Clerk |

**Further Information:**

SJRC (12-24) SM30 (SMCC) *For Court Use Only:* Document ID # 25-SMCC-829   1 of 2 (25AO-CC00396)   Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 3:25-cv-05090-MDH   Document 1-1   Filed 11/07/23   Page 54 of 67

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
Printed Name of Officer or Server          Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____    _____
                                                    Date                       Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# Summons in Civil Case

IN THE 29TH JUDICIAL CIRCUIT, JASPER COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH LEE HENSLEY | Case Number: 25AO-CC00396 | |
|---|---|---|
| Plaintiff/Petitioner:<br>LOYE ISAKSON | Plaintiff's/Petitioner's Attorney/Address<br>ANDREW KELLEY SMITH<br>SUITE 400<br>221 W LEXINGTON<br>INDEPENDENCE, MO 64051 | |
| vs. | | |
| Defendant/Respondent:<br>SCHAEFFLER GROUP USA INC. | Court Address:<br>633 S PEARL AVE<br>JOPLIN, MO 64801 | (Date File<br>Stamp for<br>Return) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

The State of Missouri to:   BURNS & MCDONNEL ENGINEERING COMPANY, INC
Alias:

**Registerd Agent**
**INCORP SERVICES, INC.**
**1531 E BRADFORD PKWY STE 200**
**SPRINGFIELD, MO 65804**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**JASPER COUNTY**

KIMBERLY CLINTON, CIRCUIT CLERK

BY: *Kelly Harris, DC*

06-OCT-2025
Date

Clerk

Further Information:

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
Printed Name of Officer or Server          Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____   _____
                                                   Date                                Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# Summons in Civil Case

IN THE 29TH JUDICIAL CIRCUIT, JASPER COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH LEE HENSLEY | Case Number: 25AO-CC00396 | |
|---|---|---|
| Plaintiff/Petitioner:<br>LOYE ISAKSON<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ANDREW KELLEY SMITH<br>SUITE 400<br>221 W LEXINGTON<br>INDEPENDENCE, MO 64051 | (Date File<br>Stamp for<br>Return) |
| Defendant/Respondent:<br>SCHAEFFLER GROUP USA INC. | Court Address:<br>633 S PEARL AVE<br>JOPLIN, MO 64801 | |
| Nature of Suit:<br>CC Pers Injury-Other | | |

The State of Missouri to:    BURNS & MCDONNEL WASTE CONSULTANTS, INC
                             Alias:

**Registered Agent**

**INCORP SERVICES, INC.**

**1531 E Bradford Pkwy Ste 200**

**Springfield, MO 65804-6564**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

KIMBERLY CLINTON, CIRCUIT CLERK

*COURT SEAL OF*

06-OCT-2025         BY: *Kelly Harris, DC*

Date                  Clerk

*JASPER COUNTY*

**Further Information:**

SJRC (12-24) SM30 (SMCC) *For Court Use Only:* **Document ID # 25-SMCC-831**   1 of 2 (25AO-CC00396)    Civil Procedure Form No. 1, SCR 54.01 – 54.05,

Case 3:25-cv-05090-MDH    Document 1-1    Filed 11/07/25   Page 58 of 67   506.120 through 506.140 and 506.150 RSMo

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____  _____
Printed Name of Officer or Server        Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____    _____
                                           Date                          Notary Public

**Service Fees (if applicable)**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $____10.00____ | |
| Mileage | $_____ (_____ miles @ $._____ per mile) | |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

SJRC (12-24) SM30 (SMCC) *For Court Use Only*: Document ID # 25-SMCC-831    2 of 2 (25AO-CC00396)    Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13 and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 3:25-cv-05090-MDH    Document 1-1    Filed 11/07/25    Page 59 of 67



# Summons in Civil Case

IN THE 29TH JUDICIAL CIRCUIT, JASPER COUNTY, MISSOURI

| Judge or Division:<br>JOSEPH LEE HENSLEY | Case Number: 25AO-CC00396 | |
|---|---|---|
| Plaintiff/Petitioner:<br>LOYE ISAKSON<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ANDREW KELLEY SMITH<br>SUITE 400<br>221 W LEXINGTON<br>INDEPENDENCE, MO 64051 | |
| Defendant/Respondent:<br>SCHAEFFLER GROUP USA INC. | Court Address:<br>633 S PEARL AVE<br>JOPLIN, MO 64801 | (Date File<br>Stamp for<br>Return) |
| Nature of Suit:<br>CC Pers Injury-Other | | |

The State of Missouri to: BURNS & MCDONNEL WASTE CONSULTANTS, INC
Alias:

**1531 E BRADFORD PKWY**
**STE 200**
**SPRINGFIELD, MO 65804**

SERVE TO: C T Corporation System
120 South Central Avenue
Clayton, MO 63105

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*



*JASPER COUNTY*

07-OCT-2025
_____
Date

_____
Clerk

**Further Information:**

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____          _____
Printed Name of Officer or Server                    Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____

                                           Date                          Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**IN THE CIRCUIT COURT OF JASPER COUNTY, MISSOURI**

LOYE and DEBORAH ISAKSON )
    615 N. Watters Rd., Apt 1205 )
    Allen, Texas 75013 )
    )
AUSTIN and MEGAN WOODARD )
    204 Silverwood Lane )
    Joplin, MO 64801 )   **Case No. 25AO-CC0396**
    )
ALEX and HANNAH WOODWARD )
    4833 W Indigo )
    Fayetteville, AR 72704 )
    )
BRENDA and JOHN POWELL )
    5690 Longview Ridge Road )
    Joplin, MO 64804 )
    )
    **Plaintiffs,** )
    )
    **v.** )
    )
SCHAEFLER GROUP USA INC., d/b/a )
FAG Bearings, LLC, FAG Bearings )
Corporation, FAG Bearings Corporation, )
FAG Holding Corporation, and/or Norma )
FAG Bearings Corporation. )
    )
    **Serve:** )
    **Registered Agent** )
    CT Corporation System )
    5661 Telegraph Rd Ste 4B )
    Saint Louis, MO 63129-4275 )
    )
    **Secretary of State** )
    600 W. Main Street )
    Jefferson City, MO 65102 )
    )
FAG Bearings, LLC )
    **Serve:** )
    **Registered Agent** )
    CT Corporation System )
    5661 Telegraph Rd, Ste 4B )
    Saint Louis, MO 63129-4275 )
    )
BURNS & MCDONNELL )
ENGINEERING COMPANY, INC. )
    **Serve:** )
    **Registered Agent** )

1531 E Bradford Pkwy Ste 200 )
Springfield, MO 65804-6564 )
)
BURNS & MCDONNELL WASTE )
CONSULTANTS, INC. )
    **Serve:** )
    **Registered Agent** )
    INCORP SERVICES, INC. )
    1531 E Bradford Pkwy, Ste 200 )
    Springfield, MO 65804-6564 )
)
    AND )
)
    **CT CORPORATION SYSTEM** )
    120 South Central Ave )
    Clayton, MO 63105 )
)
)
    **Defendants.** )

## NOTICE OF APPEARANCE

Stephen R. Miller and Jacob M. Doleshal hereby enter their appearances on behalf of Defendants,

Burns & McDonnell Engineering Company, Inc., ("Defendant") and Burns & McDonnell Waste

Consultants, Inc., ("Defendant") in the above referenced action.

Respectfully Submitted,

**MCCARTHY LEONARD
KAEMMERER & MILLER**

By:*/s/ Stephen R. Miller*
Stephen R. Miller      MO#33344
Jacob M. Doleshal      MO#50441
4520 Main Street, Suite 1570
Kansas City, MO 64111
(T): 816-979-1600
(F): 816-979-1608
smiller@mlklaw.com
jmd@mlklaw.com
**ATTORNEYS FOR DEFENDANTS
BURNS & MCDONNELL
ENGINEERING COMPANY, INC.,
& BURNS & MCDONNELL
WASTE CONSULTANTS
COMPANY, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 14, 2025, a copy of the above and foregoing was filed electronically and was served on all parties of interest receiving electronic notices in the above-captioned proceedings through the courts electronic filing system.

Kenneth B. McClain
Andrew K. Smith
Lauren McClain
Nichelle L. Oxley
221 W. Lexington, Suite 400
Independence, MO 64050

/s/ *Stephen R. Miller*
Stephen R. Miller

## IN THE CIRCUIT COURT OF JASPER COUNTY, MISSOURI

LOYE and DEBORAH ISAKSON )
    615 N. Watters Rd., Apt 1205 )
    Allen, Texas 75013 )
     )
AUSTIN and MEGAN WOODARD )
    204 Silverwood Lane )
    Joplin, MO 64801 )   **Case No. 25AO-CC0396**
     )
ALEX and HANNAH WOODWARD )
    4833 W Indigo )
    Fayetteville, AR 72704 )
     )
BRENDA and JOHN POWELL )
    5690 Longview Ridge Road )
    Joplin, MO 64804 )
     )
    **Plaintiffs,** )
     )
    **v.** )
     )
SCHAEFLER GROUP USA INC., d/b/a )
FAG Bearings, LLC, FAG Bearings )
Corporation, FAG Bearings Corporation, )
FAG Holding Corporation, and/or Norma )
FAG Bearings Corporation. )
     )
    **Serve:** )
    **Registered Agent** )
    CT Corporation System )
    5661 Telegraph Rd Ste 4B )
    Saint Louis, MO 63129-4275 )
     )
    **Secretary of State** )
    600 W. Main Street )
    Jefferson City, MO 65102 )
     )
FAG Bearings, LLC )
    **Serve:** )
    **Registered Agent** )
    CT Corporation System )
    5661 Telegraph Rd, Ste 4B )
    Saint Louis, MO 63129-4275 )
     )
     )
BURNS & MCDONNELL )
ENGINEERING COMPANY, INC. )
    **Serve:** )
    **Registered Agent** )

1531 E Bradford Pkwy Ste 200 )
Springfield, MO 65804-6564 )
)
**BURNS & MCDONNELL WASTE** )
CONSULTANTS, INC. )
    **Serve:** )
    **Registered Agent** )
    INCORP SERVICES, INC. )
    1531 E Bradford Pkwy, Ste 200 )
    Springfield, MO 65804-6564 )
)
    AND )
)
    **CT CORPORATION SYSTEM** )
    120 South Central Ave )
    Clayton, MO 63105 )
)
)
    **Defendants.** )

## NOTICE OF APPEARANCE

Stephen R. Miller and Jacob M. Doleshal hereby enter their appearances on behalf of Defendants,

Burns & McDonnell Engineering Company, Inc., ("Defendant") and Burns & McDonnell Waste

Consultants, Inc., ("Defendant") in the above referenced action.


Respectfully Submitted,

**MCCARTHY LEONARD
KAEMMERER & MILLER**

By:*/s/ Stephen R. Miller*
Stephen R. Miller      MO#33344
Jacob M. Doleshal      MO#50441
4520 Main Street, Suite 1570
Kansas City, MO 64111
(T): 816-979-1600
(F): 816-979-1608
smiller@mlklaw.com
jmd@mlklaw.com
**ATTORNEYS FOR DEFENDANTS
BURNS & MCDONNELL
ENGINEERING COMPANY, INC.,
& BURNS & MCDONNELL
WASTE CONSULTANTS
COMPANY, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 14, 2025, a copy of the above and foregoing was filed electronically and was served on all parties of interest receiving electronic notices in the above-captioned proceedings through the courts electronic filing system.

Kenneth B. McClain
Andrew K. Smith
Lauren McClain
Nichelle L. Oxley
221 W. Lexington, Suite 400
Independence, MO 64050

/s/ *Stephen R. Miller*
Stephen R. Miller