# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### SOUTHWESTERN DIVISION

LOYE and DEBORAH ISAKSON, et al.,     )
                                 )
       Plaintiffs,                 )
                                 )
      vs.                         )        **Case No. 3:25-cv-05090-MDH**
                                 )
SCHAEFFLER GROUP USA INC., et al.,    )
                                 )
       Defendants.              )

## ORDER

Before the Court is Plaintiffs' Motion for Remand. (Doc. 23). Plaintiffs move the Court for an Order remanding this case to the Circuit Court for Jasper County, Missouri. Defendants Schaeffler Group USA Inc., FAG Bearings, LLC, FAG Bearings Corporation, FAG Bearing Corporation, FAG Holding Corporation, and Norma FAG Bearings Corporation (collectively, "FAG") removed this action on the ground that Defendants Burns & McDonnell Engineering Company, Inc. and Burns & McDonnell Waste Consultants, Inc. (collectively, "Burns & McDonnell") were fraudulently joined. The motion has been fully briefed and is ripe for review.

## BACKGROUND

This case was originally filed in Jasper County, Missouri against defendants Burns & McDonnell Engineering Company, Inc. and Burns & McDonnell Waste Consultants, Inc. (collectively "Burns & McDonnell"), as well as Schaeffler Group USA Inc., FAG Bearings, LLC, FAG Bearings Corporation, FAG Bearing Corporation, FAG Holding Corporation, and Norma FAG Bearings Corporation (collectively "FAG"). Plaintiffs' claims are based on personal injuries they allege to have sustained as a result of exposure to trichloroethylene ("TCE") that contaminated

1

the Villages of Silver Creek and Saginaw. Plaintiffs allege their injuries were caused by the conduct of Defendants.

Plaintiffs' claims case arise from decades of TCE use and release at FAG's Joplin ball-bearings facility. Plaintiffs' petition alleges FAG released TCE into the environment in a number of ways including releasing between 12,000 and 25,000 gallons of TCE through spills, leaks, overflowing tanks, and dumping of still-bottoms. By 1991, the Missouri Department of Health (MDOH) had detected TCE in residential wells in Silver Creek.

FAG hired Burns & McDonnell to act as an environmental consultant and expert in litigation related to its TCE contamination. Plaintiffs contend both entities knew that FAG was responsible, but despite this knowledge publicly denied that FAG was responsible and disputed the extent and nature of the contamination. Plaintiffs allege FAG and Burns & McDonnell claimed the TCE had not migrated to the surrounding communities, when both parties knew that it had.

Plaintiffs further allege Burns & McDonnell designed and conducted its field work to shield the true extent of the contamination, including but not limited to: it deliberately avoided sampling locations of known releases on FAG's property; it ignored or selectively used information regarding FAG's TCE use, the testimony of FAG's employees regarding dumping activities, and various findings of FAG's prior consultants, the EPA, and the MDNR; and it concealed and misrepresented test results.

Plaintiffs further contend Burns & McDonnell's field work made the contamination worse by improperly installing a monitoring well that allowed a large volume of contaminated water to cascade into and pollute the deep aquifer and knowingly dumped contaminated water into the ground and conducted pump tests without required permits.

Plaintiffs state their allegations come directly from the findings in *Fag Bearings Corp. v. Gulf States Paper Co.*, No. 95-5081-CV-SW-8, 1998 WL 919115 (W.D. Mo. Sept. 30, 1998). Plaintiffs also cite *Burns & McDonnell. Knapp v. Schaeffler Grp*. USA Inc., No. 3:21-CV-05035-MDH, 2021 WL 2456861, at *3 (W.D. Mo. June 16, 2021) that recognized these allegations. ("This Court has clearly recognized FAG Bearings', Overton's, and Burns & McDonnell's involvement at the manufacturing site.").

Plaintiffs allege as a result of Burns & McDonnell's conduct, the TCE contamination was worsened, the extent of the TCE contamination within the Villages was not fully defined, the public was not adequately warned, and appropriate remediation efforts were not undertaken. Plaintiffs have alleged that Burns & McDonnell's affirmative actions and concealment caused, contributed to cause, or further aggravated Plaintiffs' injuries.

FAG removed this case claiming that Burns & McDonnell was fraudulently joined. Plaintiffs move to remand arguing they have stated a valid cause of action against Burns & McDonnell.

## STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). Such courts can only hear cases that they are authorized to hear by the Constitution or a statute. *Id*. An action may be removed from state court to federal district court if the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a) and 1446(b). A removing defendant "bears the burden of establishing that the district court ha[s] original jurisdiction by a preponderance of the evidence." *Knudson v. Sys. Painters, Inc*., 634 F.3d 968, 975 (8th Cir. 2011). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id*., citing *Junk v. Terminix Int'l Co*., 628 F.3d 439, 446 (8th Cir. 2010).

3

"Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010)(emphasis added). To establish fraudulent joinder, the removing party must "prove that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003)). "The plaintiff's motive is immaterial; rather, courts focus on whether the petition states a legal and factual basis to recover against the non-diverse defendant." *Schoonmaker v. Emerson Climate Techs., Inc.*, No. 6:16-CV-03017-MDH, 2016 WL 1573003, at *2 (W.D. Mo. Apr. 19, 2016).

"[If] there is a 'colorable' cause of action – that is, if the state law might impose liability on the resident defendant under the facts alleged – then there is no fraudulent joinder." *Filla*, 336 F.3d at 810. "'Where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" *Schoonmaker,* 2016 WL 1573003, at *2, citing *Filla*, 336 F.3d at 811. "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Knudson*, 634 F.3d at 975 (internal citation omitted).

## DISCUSSION

Plaintiffs argue under *Filla v. Norfolk S. Ry. Co.,* 336 F.3d 806 (8th Cir. 2003), the only question is whether Missouri law might impose liability on the in-state defendant and if so, remand is required. Here, the question is not whether Plaintiffs will ultimately prevail on their claims against Burns & McDonnell, rather it is whether "there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants." See

4

*Moore v. Taser Int'l, Inc*., 2015 WL 4715968, at *5 (E.D. Mo. Aug. 7, 2015) (quoting *Boyer v. Snap–On Tools Corp*., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991). Plaintiffs state a Missouri state court has already held that a similar complaint states a cause of action against Burns & McDonnell for similar allegations.

Here, Plaintiffs allege they were present, using groundwater, and exposed during the years Burns & McDonnell performed environmental work, misrepresented migration data, and contributed to further contamination. This is in contrast to the cases cited by Defendant. For example, in *Knapp v. Schaeffler Grp. USA Inc.* (cited by the parties) the plaintiff had moved away from the area before Burns & McDonnell had begun any of its work or had any involvement in the area. See *Knapp v. Schaeffler Grp. USA Inc.,* No. 3:21-CV-05035-MDH, 2021 WL 2456861 (W.D. Mo. June 16, 2021).

In addition, the Court finds that FAG's additional arguments, including that Plaintiffs cannot establish causation, does not support a claim for fraudulent joinder. Defendants' arguments as to why Burns & McDonnell cannot be held liable are issues for the state court to ultimately determine. At this review, the Court does not weigh whether causation may ultimately be established, but rather whether Missouri law could impose liability on the claims presented. Here, the Court finds Plaintiffs have stated a claim against Burns & McDonnell.

This same analysis applies to whether some of Plaintiffs' claims may ultimately be barred by the fraud statute of limitations, the statute of repose, or another affirmative defense. Again, the Court makes no determination on whether Plaintiffs may ultimately prevail on their claims, but does find they have stated a claim and that fraudulent joinder does not apply.

The Missouri state court decision in *Taylor v. Schaeffler Group USA, Inc*., No. 20AO-CC00341 (Jasper Cty. Cir. Ct. June 11, 2021) provides further support that Plaintiffs have stated a

5

claim against Burns & McDonnell. In *Taylor,* the defendants' similar arguments (other than causation) were raised and rejected. The state court found the claims were sufficient to survive a motion to dismiss. The Court agrees that here where a Missouri state court considered the same legal arguments and declined to dismiss the claims at the pleading stage, those claims are considered legally viable under Missouri law.

## CONCLUSION

Wherefore, for the reasons stated herein, the Court **GRANTS** Plaintiffs' Motion to Remand. The Court **ORDERS** that this case shall be remanded to the Circuit Court of Jasper County, Missouri.

**IT IS SO ORDERED.**

Date: April 7, 2026

*/s/ Douglas Harpool*

**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

6